1

2

3

4

5

6

7

8

9                    IN THE UNITED STATES DISTRICT COURT

10                   FOR THE EASTERN DISTRICT OF CALIFORNIA

11  PETER ROSE; ASHLEY ROSE, a minor,  )
    by and through her Guardiean Ad    )
12  Litem, her custodial parent,       )     2:05-cv-2232-GEB-DAD
    Peter Rose; BRITNEY ROSE, a        )
13  minor, by and through her          )
    Guardian Ad Litem, her custodial   )     STATUS (PRETRIAL
14  parent, Peter Rose; and            )     SCHEDULING) ORDER
    PETE ROSE, JR., a minor, by and    )
15  through his Guardian Ad Litem, his )
    custodial parent, Peter Rose,      )
16                                      )
                       Plaintiffs,      )
17                                      )
                  v.                    )
18                                      )
    KATHLEEN CIULA, in her             )
19  individual and official capacity;  )
    and DOES 1 through 25,             )
20                                      )
                       Defendants.      )
21  _____)

22          The status (pretrial scheduling) conference scheduled in

23  this case for March 20, 2006, is vacated since the joint status report

24  ("JSR") submitted by the parties indicates that the following Order

25  should issue.

26                          DOE DEFENDANTS

27          The JSR indicates that the identities of any "Doe"

28  defendants are expected to be discovered "within 60-days after the

                                    1

exchange of Initial Disclosures." (JSR at 2.)  Since "the parties
have agreed to exchange Initial Disclosures within 21-calendar days of
the Pretrial Scheduling Order[,]" (JSR at 3), Plaintiff has until
May 31, 2006, to file a motion in which leave is sought under Fed. R.
Civ. P. 15(a) to file an Amended Complaint which could add a party to
this action.  The motion must be noticed for hearing on the Court's
earliest available law and motion date.  If leave is not sought as
stated, this will automatically effectuate dismissal of  Does 1
through 25 from this action.

ADDED DEFENDANT'S OPPORTUNITY
TO SEEK AMENDMENT OF THIS ORDER

        If Plaintiff substitutes a named defendant in place of a Doe
defendant, a copy of this Order shall be served on that defendant
concurrently with the service of process.

        That defendant has 30 days after said service within which
to file a "Notice of Proposed Modification of Status Order," which
request is not required to meet the good cause standard, provided it
is made within this 30-day period.

SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

        No further service is permitted, except with leave of Court,
good cause having been shown.

        No further joinder of parties or amendments to pleadings is
permitted, except with leave of Court, good cause having been shown.

DISCOVERY

        All discovery shall be completed by May 9, 2007.  In this
context, "completed" means that all discovery shall have been
conducted so that all depositions have been taken and any disputes
relative to discovery shall have been resolved by appropriate orders,

if necessary, and, where discovery has been ordered, the order has
been complied with or, alternatively, the time allowed for such
compliance shall have expired.[1]

        Each party shall comply with Federal Rule of Civil Procedure
26(a)(2)'s initial expert witness disclosure and report requirements
on or before December 11, 2006, and with the rebuttal expert
disclosures authorized under the Rule on or before January 11, 2007.

                          MOTION HEARING SCHEDULE

        The last hearing date for motions shall be July 9, 2007, at
9:00 a.m.[2]

        Motions shall be filed in accordance with Local Rule 78-
230(b).  Opposition papers shall be filed in accordance with Local
Rule 78-230(c).  Failure to comply with this local rule may be deemed
consent to the motion and the Court may dispose of the motion
summarily. Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994).
Further, failure to timely oppose a summary judgment motion may result
in the granting of that motion if the movant shifts the burden to the
nonmovant to demonstrate a genuine issue of material fact remains for
trial. Cf. Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995).

        Absent highly unusual circumstances, reconsideration of a
motion is appropriate only where:

----

        [1]    The parties are advised that the Magistrate Judges in the
Eastern District are responsible for resolving discovery disputes. See
Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all
discovery-related matters to the Magistrate Judge assigned to this case.
A party conducting discovery near the discovery "completion" date runs
the risk of losing the opportunity to have a judge resolve discovery
motions pursuant to the Local Rules.

        [2]    This time deadline does not apply to motions for continuances,
temporary restraining orders, emergency applications, or motions under
Rule 16(e) of the Federal Rules of Civil Procedure.

1        (1)   The Court is presented with newly discovered evidence
2   that could not reasonably have been discovered prior to the filing of
3   the party's motion or opposition papers;

4        (2)   The Court committed clear error or the initial decision
5   was manifestly unjust; or

6        (3)   There is an intervening change in controlling law.
7   A motion for reconsideration based on newly discovered evidence shall
8   set forth, in detail, the reason why said evidence could not
9   reasonably have been discovered prior to the filing of the party's
10  motion or opposition papers.   Motions for reconsideration shall comply
11  with Local Rule 78-230(k) in all other respects.

12       The parties are cautioned that an untimely motion
13  characterized as a motion in limine may be summarily denied.   A motion
14  in limine addresses the admissibility of evidence.

15                      FINAL PRETRIAL CONFERENCE

16       The final pretrial conference is set for September 10, 2007,
17  at 2:30 p.m.   The parties are cautioned that the lead attorney who
18  WILL TRY THE CASE for each party shall attend the final pretrial
19  conference.   In addition, all persons representing themselves and
20  appearing in propria persona must attend the pretrial conference.

21       The parties are warned that non-trialworthy issues could be
22  eliminated sua sponte "[i]f the pretrial conference discloses that no
23  material facts are in dispute and that the undisputed facts entitle
24  one of the parties to judgment as a matter of law."   Portsmouth Square
25  v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

26       The parties shall file a JOINT pretrial statement with the
27  Court not later than seven (7) days prior to the final pretrial

28

conference.[3]  The joint pretrial statement shall specify the issues
for trial.  The Court uses the parties' joint pretrial statement to
prepare its final pretrial order and could issue the final pretrial
order without holding the scheduled final pretrial conference.  <u>See</u>
<u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no
requirement that the court hold a pretrial conference.").  The final
pretrial order supersedes the pleadings and controls the facts and
issues which may be presented at trial.  Issues asserted in pleadings
which are not preserved for trial in the final pretrial order cannot
be raised at trial.  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>,
827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the
pretrial order are eliminated from the action."); <u>Valley Ranch Dev.</u>
<u>Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an
issue omitted from the pretrial order is waived, even if it appeared
in the pleading); <u>cf.</u> <u>Raney v. District of Columbia</u>, 892 F. Supp. 283
(D.D.C. 1995) (refusing to modify the pretrial order to allow
assertion of a previously-pled statute of limitations defense);
<u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984)
(indicating that "[a]ny factual contention, legal contention, any
claim for relief or defense in whole or in part, or affirmative matter
not set forth in [the pretrial statement] shall be deemed . . .
withdrawn, notwithstanding the contentions of any pleadings or other
papers previously filed [in the action]").

---

[3]     The failure of one or more of the parties to participate in
the preparation of any joint document required to be filed in this case
does not excuse the other parties from their obligation to timely file
the document in accordance with this Order.  In the event a party fails
to participate as ordered, the party or parties timely submitting the
document shall include a declaration explaining why they were unable to
obtain the cooperation of the other party.

1        If possible, at the time of filing the joint pretrial

2 statement counsel shall also email it in a format compatible with

3 WordPerfect to: geborders@caed.uscourts.gov.

4                      TRIAL SETTING

5        Trial is set for December 4, 2007, commencing at 9:00 a.m.

6                    MISCELLANEOUS

7        The parties are reminded that pursuant to Federal Rule of

8 Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall**

9 **not be modified except by leave of Court upon a showing of good cause.**

10 **Counsel are cautioned that a mere stipulation by itself to change**

11 **dates does not constitute good cause.**

12        IT IS SO ORDERED.

13 Dated:  March 13, 2006

14

15                   /s/ Garland E. Burrell, Jr.
                    GARLAND E. BURRELL, JR.
                    United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28